IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In the matter of: | ) | |
|---|---|---|
| | ) | Chapter 7 |
| Fermin Larez | ) | Case No. 17-19719 |
| | ) | |
| Debtor | ) | Judge Cox |
| | ) | |

**Debtor's Statement of Rebuttal of Presumption of Abuse**

The Debtor, Fermin Larez, hereby submits this Statement along with the attached Affidavit in Support of Debtor's Statement of Rebuttal of Presumption of Abuse and in support states the following:

1.   Debtor filed a petition for relief under Chapter 7 of Title 11, U.S.C. on June 29, 2017.

2.   Debtor filed concurrently with the petition on June 29, 2017 a completed Form B22A-1 and pursuant to 11 U.S.C. §707(b), the Debtor calculated and disclosed a monthly disposable income (line 39c of Form B22A-2) of -$3,979.65.  There was no presumption of abuse.

3.   On October 2, 2017, the Debtor filed amendments to his list of creditors that resulted in the need to filed an Amended B22A-2, due to adjustments in the total past due Priority Claims listed in line 35 of Amended B22A-2.

4.   Debtor filed an Amended Schedule E increasing the priority claim of Ciesla Beeler, LLC from $5,000.00 to $26,317.28.  This is based on an updated billing statement from the time of the case filing for a pre-filing obligation to pay Guardian ad Litem legal fees pursuant to a domestic court judgment.

5.   Debtor also filed an Amended Schedule F, moving an obligation to pay creditor Megan Ann Schildgen $139,131.01, from Schedule E to Schedule F.  The Amended Schedule F 4.11 listing for the debt schedules it as disputed and non-priority.  Megan Ann Schildgen is the ex-

wife of the Debtor, and pursuant to a post-dissolution domestic court Order entered on June 2, 2017, the Debtor is to pay her legal fees. (See "Exhibit A"). The obligation to pay was Ordered as a type of penalty for enforcement, pursuant to 750 ILCS 5/508(b).

6.    On August 10th, 2017, the Honorable Judge Cox issued an Order Modifying the Automatic Stay on behalf of Megan Schildgen and further Ordered that the State Court may and should hear and determine whether the indebtedness to Megan Schildgen can be discharged under 11 U.S.C. §§ 523 (a)(5) and (a)(15). The determination of whether the debt is dischargeable has yet to be made by the Circuit Court of Cook County in State Court.

7.    Debtor was Ordered to pay Megan Schildgen at least $1200.00 monthly for this obligation, and he pays it. Debtor continues to pay this state court Order for attorney fees, but wishes to preserve any argument that the debt can be discharged, or the obligation overturn. He amended his list of creditors to better reflect his argument that Megan Schildgen should be deemed a non-priority creditor for these court ordered fees.

8.    As a result of theses changes to the list of creditors, the Debtor filed on October 2, 2017, an Amended Form B22A-2 with line 35 total past due Priority Claims of $438.62 ($26,317.28 / 60).

9.    Pursuant to 11 U.S.C. §707(b), the Debtor's completed Amended Form B22A-2 disclosed monthly disposable income (line 39c of Form B22A-2) of $466.31, giving rise to the presumption of abuse.

10.   Debtor has two special circumstances that justify deductions from his current monthly income that rebut the presumption of abuse. As per 11 U.S.C. § 707(b)(2), the Debtor has no reasonable alternative but to pay the two expenses that are special circumstances for the Debtor.

11.   First, pursuant to a September 19, 2014 domestic court order in the post decree divorce

case with Megan Schildgen, the Debtor is Ordered to pay extensive international travel related to visitation and therapy for the children between the parties. (See "Exhibit B").

12. The Debtor scheduled this obligation on Amended Form B22A-2 line 43. Special Circumstances as $2,354.17 monthly.

13. Second, as previously discussed, the Debtor is required to pay Megan Schildgen at least $1200 monthly on a $139,131.01 obligation of court ordered payment on attorney fees. The Debtor continues to pay this required obligation of $1200 monthly.

14. The Debtor scheduled this obligation on Amended Form B22A-2 line 43. Special Circumstances as $1,200 monthly. If this same expense were still listed on the line 35 as a past due priority claim, there would be no presumption of abuse.

15. These two Special Circumstances monthly expenses on Amended Form B22A-2 reduce the Adjusted Chapter 7 Disposable Monthly Income to -$3,087.86. The budget is negative and there is no abuse under 11 U.S.C. § 707.

16. The Debtor has affirmed the statement of facts contained herein. (See "Affidavit").

WHEREFORE, the Debtor's Special Circumstances rebut the Presumption of Abuse.

Respectfully Submitted,

/s/ Angela Spalding

Angela Spalding, Attorney at Law

Attorney for the Debtor